UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHARON JACKSON, *et al.* | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-1104 |
| | § | |
| LEE COLLEGE, | § | |
| | § | |
| *Defendant.* | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court is defendant Lee College's Rule 12(b)(6) motion to dismiss or, in the alternative, Rule 12(e) motion for more definitive statement. Dkt. 4. After considering the motion, response, reply, and applicable law, the defendant's motion to dismiss is **GRANTED in part**.

**I. BACKGROUND**

In their Original Complaint, plaintiffs allege various due process violations against Lee College. Plaintiffs were former students of the Associate Degree Nursing Program. Dkt. 1 at 1. Plaintiffs claim they fulfilled all the stated entrance and graduation requirements; however, shortly before graduation, Lee College amended the graduation requirements. *Id.* at 2-3. Following the amendment, nursing students were required to sit for two exams instead of one and obtain a higher combined score in order to graduate. *Id.* Plaintiffs maintain that Lee College required plaintiffs to meet a higher score than the written grading policy provided to students. *Id.* at 3. Plaintiffs were unable to pass the required tests after multiple attempts, and therefore, did not receive their diplomas from Lee College. *Id.* Plaintiffs challenged the amended graduation requirements through Lee College's administrative appeals process before filing suit without success. *Id.* at 4.

Plaintiffs allege that Lee College deprived them of their right to due process under the Fourteenth Amendment to the United States Constitution. Dkt. 1 at 4. Specifically, plaintiffs assert that Lee College: (1) failed to follow its written policies; (2) changed its grading criteria and exam guidelines without meaningful notice several times over a period of three to four months; and (3) refused to correct these errors following the plaintiffs' appeal. *Id.* In addition to damages for the alleged due process violations, plaintiffs seek either to retake the test on terms as favorable as those being offered to current students or to receive their diplomas. *Id.*

Lee College moves for dismissal under Federal Rule of Civil Procedure 12(b)(6) on several grounds. Dkt. 4. First, Lee College contends that the plaintiffs failed to state a claim as a matter of law because they asserted claims directly under the Constitution without invoking 42 U.S.C. § 1983. *Id.* at 5. Moreover, Lee College asserts that dismissal is warranted because the plaintiffs failed to plead facts demonstrating the existence of a protected property interest or liberty interest. *Id.* at 6. Finally, Lee College asserts that the plaintiffs failed to satisfy the standards required to plead a cause of action for procedural or substantive due process. *Id.* at 8-12. Lee College, alternatively, moves for a more definitive statement pursuant to Federal Rule of Civil Procedure 12(e). *Id.* at 14-15.

## II. LEGAL STANDARD

Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim. FED. R. CIV. P. 12(b)(6). The district court must examine the complaint to determine whether the allegations provide relief on any possible theory. *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994). Thus, in order to survive a motion to dismiss, a complaint must contain sufficient factual matter that, when accepted as true, states a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S. Ct. 1937 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)).

*III. ANALYSIS*

Plaintiffs have alleged several due process violations against Lee College. Specifically, they allege their procedural and substantive due process rights were violated when Lee College amended its graduation requirements on the eve of plaintiffs' graduation, failed to provide meaningful notice of these amendments, and applied a grading requirement different from the written policy provided to students. As a result of these violations, plaintiffs maintain they were unable to meet the new requirements after several attempts, and therefore, did not graduate.

**I.     Due Process**

Section 1983[1] provides no substantive rights; rather, it is an enabling statute that allows a plaintiff to bring a claim for the violation of any right protected by the United States Constitution. *See* 42 U.S.C. § 1983; *City of Okla. City v. Tuttle*, 471 U.S. 808, 816, 105 S. Ct. 2427 (1985). Plaintiffs seek relief for due process violations under the Fourteenth Amendment of the Constitution. In order to be entitled to due process protections under the Fourteenth Amendment in a case such as this, plaintiffs must demonstrate that Lee College's actions deprived them of either a property or liberty interest. *Bd. of Curators of the Univ. of Mo. v. Horowitz*, 435 U.S. 78, 82, 98 S. Ct. 948 (1978). Courts, including the United State Supreme Court, have consistently held that federal courts can review an academic decision of a public educational institution for due process violations by assuming that a student has a protectible constitutional interest in continued enrollment in a college program. *See e.g., id.* at 84-85; *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 223 n.7, 106 S. Ct. 507 (1985); *Wheeler v. Miller*, 168 F.3d 241, 247 (5th Cir. 1999) (per curiam); *Davis v. Mann*, 882 F.2d 967, 973 (5th Cir. 1989). For purposes of this motion, this court will likewise assume that

---

[1] As discussed *infra*, plaintiffs will be granted leave to amend their complaint within 14 days of the date of this order so that they may clarify the statutory grounds upon which their claims are based.

the plaintiffs have a property or liberty interest in their continued enrollment in Lee College.

### a. Procedural Due Process Claim

First, plaintiffs allege they were deprived of procedural due process when Lee College continually changed its nursing program graduation requirements without proper notice. Lee College maintains that plaintiffs cannot support a claim for procedural due process because plaintiffs were notified regarding the amended testing and grading requirements, allowed to study for and retake the required tests following notification of the amendments, and given the opportunity to object to the changed requirements through Lee College's formal appeals process. Dkt. 7 at 5. Plaintiffs do not dispute these facts. Dkt. 6 at 2–6.

The standard for procedural due process in an academic dismissal case is set out in the United States Supreme Court's decision in *Board of Curators of the University of Missouri v. Horowitz*, 435 U.S. 78, 98 S. Ct. 948 (1978). The Supreme Court considered "what procedures must be accorded to a student at a state educational institution whose dismissal may constitute a deprivation of 'liberty' or 'property' within the meaning of the Fourteenth Amendment." *Id.* at 80. In *Horowitz*, the school informed the student of the faculty's dissatisfaction with her progress and the risk to her completion of the program if her performance did not improve. *Id.* When the student's performance did not improve, the university's decision to dismiss the student was "careful and deliberate." *Id.* The Court refused to "further enlarge the judicial presence in the academic community" and found that notification of the action along with careful and deliberate consideration before dismissal constituted sufficient due process under the Fourteenth Amendment. *Id.*

Under *Horowitz*, a procedural due process claim requires that plaintiffs prove that they were not fully informed of the academic requirements for graduation. While plaintiffs have plead facts demonstrating that Lee College changed its testing and grading policies, plaintiffs have not shown

that they were not given notice. On the contrary, the facts alleged by plaintiffs establish that they were afforded more than adequate procedural protections under the Fourteenth Amendment. Specifically, plaintiffs were provided written notice regarding the additional testing and grading requirements before taking the test. Dkt. 1 at 3. Following notification, they were also allowed to retake the test on multiple occasions. *Id.* Further, plaintiffs were given the opportunity to challenge the amended requirements through the college's appeals process. *Id.* at 4. The procedural safeguards for academic dismissals are far less stringent than those required for a dismissal based on disciplinary grounds. *Horowitz,* 435 U.S. at 86 (noting a "failure of a student to meet academic standards . . . calls for far less stringent procedural requirements in the case of an academic dismissal"). Therefore, under the circumstances, plaintiffs received sufficient procedural due process protection. Accordingly, their claim for violation of procedural due process is dismissed.

### b. Substantive Due Process

To constitute a violation of substantive due process, the college's actions must have been based on unconstitutional criteria or have been arbitrary and capricious. *Ewing*, 474 U.S. at 225. In *Ewing*, the Supreme Court considered whether the university's action in refusing a student permission to retake an exam was an arbitrary departure from the university's past practice of allowing retests, thereby depriving the student of a property interest without due process of law. *Id.* at 215. The Court granted certiorari in order to review the lower court's decision with respect to its application of substantive due process. *Id.* at 221. The court assumed that the student had a protectible property interest in his continued enrollment in the medical school program. *Id.* at 223. The court held, even assuming such a property interest existed, the university's actions did not violate the student's substantive due process rights because there was no arbitrary or capricious action on the part of the university. *Id.*

While the Court ultimately denied relief to the student, it left open a "narrow avenue for judicial review" when the university's policies are shown to be arbitrary or capricious, unfair or premised on unconstitutional criteria. *Id.* at 225, 227; *see also Wheeler v. Miller*, 168 F.3d 241, 249 (5th Cir. 1999). The Court emphasized that judges should "show great respect for the faculty's professional judgment," but held a violation may occur if the action is "such a substantial departure from accepted academic norms as to demonstrate that the person or committee responsible did not actually exercise professional judgment." *Ewing*, 474 U.S. at 225. The proper inquiry then is whether Lee College acted arbitrarily when it continually amended its graduation requirements within a month of graduation and held students to grading standards different from those written in Lee College's policies. *Id.*; *Mahavongsanan v. Hall*, 529 F.2d 448, 449 (5th Cir. 1976).

In their original complaint, plaintiffs provide sparse detail about the factual evolution of Lee College's written and verbal grading and testing policies and the timing and content of the information provided to students.[2] To establish arbitrary and capricious conduct, the plaintiffs must allege that there was no rational basis for Lee College's decisions. *Ewing*, 474 U.S. at 227-28. The plaintiffs' conclusory allegations regarding the conduct of Lee College as plead in their original complaint simply do not give rise to a claim for a substantive due process violation. Therefore, plaintiffs' claim for a violation of substantive due process is dismissed without prejudice to amend.

---

[2] Plaintiffs provided significantly greater detail in their response to the motion to dismiss. However, for purposes of ruling on defendant's motion to dismiss, the court is only allowed to consider the factual assertions actually plead in the original complaint. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). New facts submitted in response to a motion to dismiss are not incorporated into the original pleadings. *Coach, Inc. v. Angela's Boutique*, 2011 WL 2446387, *2 (S.D. Tex. 2011) (citing *Schneider v. Calif. Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir.1998)).

**II.     Leave to Amend**

The court's decision to grant Lee College's motion to dismiss is based on the allegations contained in plaintiffs' original complaint. Dkt. 1. However, plaintiffs' response to defendant's motion to dismiss included, for the first time, significantly more facts as well as the statutory basis for their claims. Plaintiffs state that this additional information would be included should the court require them to amend their complaint. Dkt. 6 at 2 ("Should the Court require re-pleading these same details will also be added to the First Amended Complaint."); *id.* at 5 ("At the Court's direction, Plaintiffs will re-plead and invoke Sec. 1983."). The court will construe the plaintiffs' various references to amendment as a motion for leave to amend. The court will grant plaintiffs leave to amend their complaint to include the information provided in their response. *See* FED. R. CIV. P. 15(a) ("The court should freely give leave when justice so requires.").

As set forth above, the court does not believe that the complaint (nor the additional allegations in the plaintiffs' response) state facts which would support a procedural due process violation. Since there is no set of facts presented by plaintiffs that could state a claim for a procedural due process violation, the court finds that an amendment as to this claim would be futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (noting district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, "unless it is clear that the defects are incurable"). However, plaintiffs may be able to plausibly state a claim for a substantive due process violation based on Lee College's conduct.[3] Thus, the court will grant plaintiffs leave to amend their complaint as to that claim only.

---

[3] The court looked principally to plaintiffs' original complaint for purposes of considering this motion to dismiss, but it has also reviewed plaintiffs' response, including the additional factual allegations that plaintiffs have stipulated would be pled in an amended complaint, to determine the viability of an amended complaint. The facts alleged in plaintiffs' response would satisfy the

## IV. CONCLUSION

Upon consideration of the law and the facts presented, the court GRANTS Lee College's motion to dismiss as it pertains to the procedural due process claim. This claim will be DISMISSED WITH PREJUDICE. As to plaintiffs' substantive due process claim only, the court will allow plaintiffs leave to amend their complaint. Plaintiffs should file their amended complaint within 14 days of this order or the motion to dismiss will be granted in its entirety.

It is so ORDERED.

Signed at Houston, Texas on September 9, 2013.

_____
Gray H. Miller
United States District Judge

---

12(b)(6) standard for a substantive due process claim when viewing those facts in a light most favorable to plaintiffs. Dkt. 6 at 2-4.