UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHARON JACKSON, *et al.* | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-1104 |
| | § | |
| LEE COLLEGE, | § | |
| | § | |
| *Defendant.* | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court is defendant Lee College's motion for summary judgment. Dkt. 28. After considering the motion, response, reply, and applicable law, the court finds that defendant's motion for summary judgment should be **GRANTED**.

**I. BACKGROUND**

Plaintiffs, two former students of defendant Lee's College's (the "College") Associate Degree in Nursing Program ("ADN" program), assert violations of their due process rights by the College. Dkt. 1 at 1. Plaintiffs' procedural due process claims were dismissed by the court (Dkt. 10), and the College now moves for summary judgment on plaintiffs' remaining substantive due process claims.

Plaintiffs entered the ADN program between August 2010 and March 2011 and hoped to graduate in August 2012. Dkt. 31 at 2. Plaintiffs allege that while they were enrolled in the ADN program, college faculty changed the requirements for graduation. *Id.* Specifically, they allege that faculty (1) converted the final exit exam from one testing instrument to two, (2) made the exit exam a component of a course required for graduation rather than a stand-alone requirement as it had previously been, and (3) changed test vendors, grading scales, and score requirements. *Id.* Plaintiffs

were unable to pass the required tests after multiple attempts and were not allowed to graduate. Dkt. 1 at 1. Plaintiffs unsuccessfully challenged the amended graduation requirements through the College's appeals process prior to filing suit. *Id.* at 4.

## II. LEGAL STANDARD

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be an absence of any genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505 (1986). An issue is "material" if its resolution could affect the outcome of the action. *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007). "[A]nd a fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).

The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine issue of material fact. *Id.* at 322. If the moving party fails to meet this burden, it is not entitled to a summary judgment, and no defense to the motion is required. *Id* . "For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment

proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995); *see also Celotex*, 477 U.S. at 323–25. To prevent summary judgment, "the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986) (quoting Fed. R. Civ. P. 56(e)).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas, Tex.*, 529 F.3d 519, 524 (5th Cir. 2008). The court must review all of the evidence in the record, but make no credibility determinations or weigh any evidence; disregard all evidence favorable to the moving party that the jury is not required to believe; and give credence to the evidence favoring the non-moving party as well as to the evidence supporting the moving party that is uncontradicted and unimpeached. *Moore v. Willis Ind. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). However, the non-movant cannot avoid summary judgment simply by presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). By the same token, the moving party will not meet its burden of proof based on conclusory "bald assertions of ultimate facts." *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978); *see also Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1221 (5th Cir. 1985).

### III. ANALYSIS

Section 1983 provides no substantive rights; rather, it is an enabling statute that allows a plaintiff to bring a claim for the violation of any right protected by the United States Constitution. *See* 42 U.S.C. § 1983; *City of Okla. City v. Tuttle*, 471 U.S. 808, 816, 105 S. Ct. 2427 (1985).

Plaintiffs seek relief for due process violations under the Fourteenth Amendment of the Constitution, which requires a demonstration that the College's actions deprived them of either a property or liberty interest. *Bd. of Curators of the Univ. of Mo. v. Horowitz*, 435 U.S. 78, 82, 98 S. Ct. 948 (1978). Courts, including the United State Supreme Court, have reviewed academic decisions of public educational institutions for due process violations by assuming that a student has a protectible constitutional interest in continued enrollment in a college program. *See e.g., id.* at 84-85; *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 223 n.7, 106 S. Ct. 507 (1985); *Wheeler v. Miller*, 168 F.3d 241, 247 (5th Cir. 1999) (per curiam); *Davis v. Mann*, 882 F.2d 967, 973 (5th Cir. 1989). This court likewise assumes that plaintiffs have a protectible interest in their continued enrollment in the College.

To constitute a violation of substantive due process, the College's actions must have been based on unconstitutional criteria or have been arbitrary and capricious. *Ewing*, 474 U.S. at 225. In *Ewing*, the Supreme Court considered whether a university's action in refusing a student permission to retake an exam was an arbitrary departure from the university's past practice of allowing retests, thereby depriving the student of a property interest without due process of law. *Id.* at 215. The court assumed that the student had a protectible property interest in his continued enrollment in the medical school program but held that the university's actions did not violate the student's substantive due process rights because there was no arbitrary or capricious action on the part of the university. *Id.* at 223.

While the Court denied relief to the student, it left open a "narrow avenue for judicial review" when the university's policies are shown to be arbitrary or capricious, unfair, or premised on unconstitutional criteria. *Id.* at 225, 227; *see also Wheeler v. Miller*, 168 F.3d 241, 249 (5th Cir. 1999). The Court emphasized that judges should "show great respect for the faculty's professional

4

judgment," but held a violation may occur if the action is "such a substantial departure from accepted academic norms as to demonstrate that the person or committee responsible did not actually exercise professional judgment." *Ewing*, 474 U.S. at 225. The proper inquiry then is whether the College acted arbitrarily when it continually amended its graduation requirements within a month of graduation and held students to grading standards different from those written in the College's policies. *Id.*; *Mahavongsanan v. Hall*, 529 F.2d 448, 449 (5th Cir. 1976). To establish arbitrary and capricious conduct, the plaintiffs must show there was no rational basis for the College's decisions. *Ewing*, 474 U.S. at 227-28.

The court finds that plaintiffs cannot show that the College failed to exercise professional judgment in changing graduation and testing requirements and denying them the opportunity to graduate. Although there are no Fifth Circuit cases finding that an academic decision was a substantive due process violation, cases denying the same relief sought here are instructive and support this court's decision. *See Ewing*, 474 U.S. at 227-28, 106 S. Ct. 507 (affirming university's decision to disallow one student to retake an exam even though the university had given other students the opportunity to retake the exam); *Wheeler*, 168 F.3d at 250 (finding the decision to deny student with poor grades a doctorate "[did] not come close to showing that [the University] did not exercise professional judgment"); *Burnett v. College of the Mainland*, 994 F. Supp. 2d 823 (S.D. Tex. 2014) (finding that a nursing school's change in examination requirements was not a substantive due process violation); *Chan v. Bd. of Regents of Tex. S. Univ.*, No. H-12-0325, 2012 WL 5832494, at *5-6 (S.D. Tex. Nov. 16, 2012) (granting summary judgment for law school on a claim that its curved grading system violated due process requirements).

The College has provided plausible explanations for the changes in policy about which plaintiffs complain. The College decided to use two tests instead of one in order to lower the stakes

5

of each test. Dkt. 28 at 23. The College switched test vendors or adjusted scores upward because of potential problems with testing reliability. *Id.* at 29. The comprehensive exam was added as a component of a course based on the guidance of the state nursing board. *Id.* at 23. These decisions are all within the College's professional judgment. Accordingly, plaintiffs cannot succeed on their substantive due process claims, and the College is entitled to summary judgment.

## IV. Conclusion

Upon consideration of the law and the facts presented, the court GRANTS the College's motion for summary judgment. Plaintiffs remaining claims are DISMISSED WITH PREJUDICE.

It is so ORDERED.

Signed at Houston, Texas on February 26, 2015.

---
Gray H. Miller
United States District Judge